IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA J. GOODALE, JOYCE BROOKS-GODDANTI, KEITH P. SZPERSKI, AND JEANEEN SPINELLI, invididually and on behalf of all persons similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>GEORGE S. MAY INTERNATIONAL CO. AND DOES ONE, TWO, THREE, AND FOUR,<br><br>Defendants. | No. 10 C 5733<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

The Plaintiffs bring claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. The Plaintiffs allege that the Defendant, the George S. May International Company ("May") failed to pay them for a one-week training period prior to the commencement of their employment. One Plaintiff further alleges that May retaliated against her after she raised a prior FLSA claim. May moves to compel arbitration based on a clause in the Plaintiffs' employment contracts and further asks the Court to dismiss the case for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

The Federal Arbitration Act provides for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement. 9 U.S.C. §§ 3 and 4. These provisions give force to a liberal federal policy favoring arbitration agreements. *Gilmer v. Interstate/Johnson*

1

*Lane Corp.*, 500 U.S. 20, 25, 111 S.Ct. 1647, 114 L.Ed 2d 26 (1991). Arbitration is a simply a matter of contract between the parties. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S.Ct. 1920, 131, L.Ed.2d 985 (1995); 9 U.S.C. § 2. Whether the parties agreed to arbitrate is determined by state-law principles of contract formation. *Faulkenberg v. CB Tax Franchise Sys., LP*, — F.3d —, 2011 WL 1125592, at *6 (7th Cir. Mar. 29, 2011). Thus, parties may be compelled to arbitrate only those disputes that they have agreed to arbitrate, including the issue of arbitrability. *First Options*, 514 U.S. at 943.

In this case, neither party disputes whether there is a valid and enforceable arbitration agreement or whether the Plaintiffs' individual claims fall within the scope of that agreement. The Plaintiffs' employment contract contains an arbitration agreement that covers "any dispute, claim or controversy" that arises between the employee and May. Emp't Agreement ¶ 15. The Plaintiffs acknowledge that their contracts contain such a clause. Pl. Response at 1. Instead, the Plaintiffs oppose the motion on the grounds that May has waived its right to seek arbitration.

A party to an arbitration agreement can waive a right to arbitrate, either explicitly or implicitly. *Grumhaus v. Comerica Sec., Inc.*, 223 F.3d 648, 650-51 (7th Cir. 2000). To determine whether a party has waived a right to arbitrate, a court determines from a totality of circumstances whether the party has acted inconsistently with the right to arbitrate. *Id.* Here, the Plaintiffs base their argument that May has waived the right to arbitrate because of its actions in a prior lawsuit involving one of the Plaintiffs, Lisa Goodale. Plaintiffs suggest that May waived its right to arbitrate the Plaintiffs' claims because it "essentially litigated the entire matter" in Goodale's first suit against the company. Plaintiffs' arguments are without merit. In the prior suit, Goodale raised similar allegations as are raised in this suit. Rather than file an answer, May moved to compel arbitration.

2

See Goodale v. George S. May Corp., No. 09 C 7848. Before that motion was decided, May successfully settled the suit after making a Rule 68 offer. To suggest that May "essentially litigated the entire matter" is disingenuous at best. Moreover, Case No. 09 C 7848 involved none of the named Plaintiffs in this case but for Goodale, and it involves different claims. Plaintiffs cite to no authority, and the Court could find none, to suggest that a party's actions in a *prior* case could provide the basis for a waiver of arbitration in a future case, involving different claims and different parties. The case cited by Plaintiffs in support of their argument suggests just the opposite: that "the determination as to whether there has been a waiver must be based on all the circumstances *in a particular case*." *Vega v. Contract Cleaning Maint.*, 2006 WL 1554383 at *2 (N.D. Ill. Jun. 1, 2006) (citing *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 588 (7th Cir. 1992)). Rather than point to the circumstances in *this particular* case that demonstrate that May has acted inconsistently with its right to arbitrate, Plaintiffs ask the Court to look to the circumstances of another case. Nothing about May's actions in this case suggest that it has acted inconsistently with the right to arbitrate. The Court therefore holds that May has not waived its right to seek arbitration and GRANTS May's Motion to Compel Arbitration.

May argues that the Court lacks jurisdiction and that the Court should dismiss the Plaintiffs' claims. This argument lacks merit. The Seventh Circuit has never held, as some other circuits have done, that a valid and enforceable arbitration agreement deprives a court of jurisdiction. *Continental Cas. Co. v. American Nat'l Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005) (collecting cases). Rather, the Seventh Circuit has made plain that the proper course of action when a party invokes an arbitration clause is to stay the proceedings, not dismiss them. *Id.*; *Tice v. American Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002). This is because the authority to compel arbitration stems from

the FAA, and not from Fed. R. Civ. P. 12(b)(1). *Continental Cas. Co.*, 417 F.3d at 732 n.7. Although dismissal under Rule 12(b)(3) may be appropriate where a claim is brought in a forum that differs from the forum required by the arbitration agreement, *Haber v. Biomet, Inc.*, 578 F.3d 553, 558 (7th Cir. 2009), that is not the case here as the arbitration clause allows for arbitration in the state of Illinois. The Court therefore DENIES May's Motion to Dismiss.

Finally, although the Court noted that the parties do not dispute whether the Plaintiffs' individual claims fall within the scope of the arbitration agreement, the parties do dispute whether the Plaintiffs' class claims fall within the agreement's scope. The Plaintiffs insist that the agreement's silence mandates that the Court allow the arbitrator to determine the arbitrability of the class claims. Supreme Court precedent, however, squarely forecloses the possibility that the class claims are arbitrable.

Arbitration is a "'matter of consent, not coercion.'" *Stolt-Nielsen S.A. v. Animalfeeds Int'l*, — U.S. —, 130 S.Ct. 1758, 1773 (2010) (quoting *Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989)). From this principle, the Supreme Court has held that a party may not be compelled to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to class arbitration. *Stolt-Nielsen S.A.*, 130 S.Ct. at 1775. The Court noted that where an agreement to arbitrate is silent, an arbitrator may not infer a parties intent to submit to class arbitration. *Id.*

The Plaintiffs argue that *Stolt-Nielsen* is distinguishable because the parties in that case "stipulated that there was no agreement between them to arbitrate class claims," and here the parties' agreement with respect to class arbitration is merely silent. The Plaintiffs split the finest of hairs. In *Stolt-Nielsen*, the parties' agreement regarding arbitration, like the agreement here, was "'silent'

4

with respect to class arbitration," and the parties stipulated to that fact *Stolt-Nielsen, S.A.*, 130 S.Ct. at 1766. It is true that the Plaintiffs here have not stipulated to the fact that the parties' agreement is silent with respect to class arbitration. The Plaintiffs do not seriously suggest that the agreement is anything but silent with respect to class arbitration. In fact, they admit as much in their brief. The Court holds that *Stolt-Nielsen* protects a party from being compelled to arbitrate class claims where the arbitration agreement is silent with respect to such claims. And so the Court refers only the Plaintiffs' individual claims to the arbiter.

For the foregoing reasons, the Court DENIES the Defendant's Motion to Dismiss and GRANTS the Defendant's Motion to Compel Arbitration in accordance with the terms of the arbitration provision contained in the parties' contracts and consistent with this order. In accordance with § 3 of the FAA, the Court stays the litigation pending arbitration.

IT IS SO ORDERED.

_____4/5/11_____  
Dated

_____Wm. J. Hibbler_____  
Hon. William J. Hibbler  
United States District Court